1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN HEMSLEY,

11           Plaintiff,                    No. 2:12-cv-2930 JFM P

12      vs.

13   G. SWARTHOUT, et al.,

14           Defendants.                   ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C.

18   § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20          Plaintiff has submitted a declaration that makes the showing required by 28

21   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

22          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

23   U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee

24   in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will

25   direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

26   and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly

1

1  payments of twenty percent of the preceding month's income credited to plaintiff's prison trust

2  account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court

3  each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28

4  U.S.C. § 1915(b)(2).

5        The court is required to screen complaints brought by prisoners seeking relief

6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

10  U.S.C. § 1915A(b)(1),(2).

11        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989); Franklin, 745 F.2d at 1227.

18        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

19  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

20  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

21  Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355

22  U.S. 41, 47 (1957)).  In order to survive dismissal for failure to state a claim a complaint must

23  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

24  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

25  id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only '"give the

26  defendant fair notice of what the . . . claim is and the grounds upon which it rests."'"  Erickson

1  v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (quoting Bell, 127 S.Ct. at 1964, in turn

2  quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  In reviewing a complaint under this

3  standard, the court must accept as true the allegations of the complaint in question, Erickson, id.,

4  and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416

5  U.S. 232, 236 (1974).

6          Plaintiff claims that he is suffering an ongoing violation of his rights under the

7  Eighth Amendment through inadequate medical care for lost vision in his left eye.  Plaintiff

8  names four defendants at California State Prison-Solano, including Warden G. Swarthout and

9  Drs. Traquina, Carr, and Winn.

10         The Civil Rights Act under which this action was filed provides as follows:

11         Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the
12         deprivation of any rights, privileges, or immunities secured by the
           Constitution . . . shall be liable to the party injured in an action at
13         law, suit in equity, or other proper proceeding for redress.

14  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

15  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

16  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

17  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

18  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

19  omits to perform an act which he is legally required to do that causes the deprivation of which

20  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

21         Moreover, supervisory personnel are generally not liable under § 1983 for the

22  actions of their employees under a theory of respondeat superior and, therefore, when a named

23  defendant holds a supervisorial position, the causal link between him and the claimed

24  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

25  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

26  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

1  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

2  Cir. 1982).

3         Plaintiff has not alleged any facts against any of the named defendants connecting

4  them to the alleged violation of his Eighth Amendment rights.  For this reason, the court is

5  unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

6  court has determined that the complaint does not contain a short and plain statement as required

7  by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a

8  complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones

9  v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at

10 least some degree of particularity overt acts which defendants engaged in that support plaintiff's

11 claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.

12 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an

13 amended complaint.

14        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

15 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

16 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

17 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

18 there is some affirmative link or connection between a defendant's actions and the claimed

19 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

20 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

21 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

22 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

23        In addition, plaintiff is informed that the court cannot refer to a prior pleading in

24 order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

25 complaint be complete in itself without reference to any prior pleading.  This is because, as a

26 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

4

1    F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

2    longer serves any function in the case.  Therefore, in an amended complaint, as in an original

3    complaint, each claim and the involvement of each defendant must be sufficiently alleged.

4            Plaintiff has also filed a motion for appointment of counsel.  The United States

5    Supreme Court has ruled that district courts lack authority to require counsel to represent

6    indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

7    (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of

8    counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

9    1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the

10   court does not find the required exceptional circumstances.  Plaintiff's motion for the

11   appointment of counsel will therefore be denied.

12           In accordance with the above, IT IS HEREBY ORDERED that:

13           1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

14           2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

15   Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

16   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

17   Director of the California Department of Corrections and Rehabilitation filed concurrently

18   herewith.

19           3.  Plaintiff's complaint is dismissed.

20           4.  Within thirty days from the date of this order, plaintiff shall complete the

21   attached Notice of Amendment and submit the following documents to the court:

22                   a.  The completed Notice of Amendment; and

23                   b.  An original and one copy of the Amended Complaint.

24   Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

25   Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must

26   bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to

file an amended complaint in accordance with this order may result in the dismissal of this action.

              5.  Plaintiff's December 4, 2012 motion for appointment of counsel (Docket No. 3) is denied.

DATED: December 11, 2012.

UNITED STATES MAGISTRATE JUDGE

12
hems2930.14

1

2

3

4

5

6                           IN THE UNITED STATES DISTRICT COURT

7                       FOR THE EASTERN DISTRICT OF CALIFORNIA

8  JOHN HEMSLEY,

9              Plaintiff,                              No. 2:12-cv-2930 JFM P

10         vs.

11  G. SWARTHOUT, et al.,                              <u>NOTICE OF AMENDMENT</u>

12              Defendants.

13  _____/

14         Plaintiff hereby submits the following document in compliance with the court's

15  order filed _____:

16              _____     Amended Complaint

17  DATED:

18

19

20                                        _____

21                                        Plaintiff

22

23

24

25

26